IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

JULIANN FIELDS, an individual,

        Plaintiff,

    vs.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, a foreign
corporation,

        Defendant.

Case No.: 24-01904

COMPLAINT FOR INSURANCE
BENEFITS

TO THE DEFENDANT:

The Plaintiff, by and through their attorney, Aaron Engle Law PLLC, based upon information and belief alleges the following:

## I.  NATURE OF ACTION

1.1.  This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*.

1.2.  Juliann Fields brings this action for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing their rights under the plan, and clarifying their rights to future benefits under the plan. Plaintiff seeks relief, including but not limited to, a declaration of their right to disability benefits, equitable relief to remedy Defendant's failure to

COMPLAINT FOR INSURANCE BENEFITS– 1

AARON ENGLE LAW, PLLC
100 Second Ave South, Ste 210
Edmonds, WA 98020
T:  206.623.7520   F:  206.622.7068

comply with ERISA, prejudgment and post judgment interest, and attorneys' fees and costs.

## II.    JURISDICTION AND VENUE

2.1.    This Court's jurisdiction is invoked pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1).

2.2.    Juliann Fields is a resident of Seattle, King County, Washington.  Venue is proper pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

## III.    PARTIES

3.1.    Plaintiff Juliann Fields is an adult, and a "participant," within the meaning of 29 U.S.C. § 1002(7), of the ERISA-governed Microsoft Corporation Welfare Plan ("the Plan").

3.2.    Defendant The Prudential Insurance Company of America is a corporation located in the State of New Jersey, authorized to conduct business in Washington State, and the insurer for the Plan.

## IV.    FACTUAL ALLEGATIONS

4.1.    The Plaintiff was employed full time as a Product Management IC3 by Microsoft in the State of Washington until approximately July 2023.

4.2.    During the time of Plaintiff's employment by Microsoft, Plaintiff became eligible to receive disability benefits, and premiums were paid to Defendant in consideration for disability coverage. At all times relevant herein the Plan contracted with Prudential as to the determination, claim administration, and payment of long-term disability benefits to Microsoft employees such as Plaintiff.

4.3.    Plaintiff became afflicted with several disabling medical conditions while they were employed by Microsoft.

4.4.    Plaintiff has been diagnosed by their treating and examining physicians with

COMPLAINT FOR INSURANCE BENEFITS– 2

AARON ENGLE LAW, PLLC
100 Second Ave South, Ste 210
Edmonds, WA 98020
T:  206.623.7520   F:  206.622.7068

vestibular migraines, mild cognitive disorder, and chronic disequilibrium, among other conditions.

4.5. Plaintiff's disabling conditions are organic disabling diseases verified by objective testing and medical documentation.

4.6. Plaintiff is unable to competitively and predictably work because they are disabled due to their medical conditions.

4.7. Plaintiff is eligible to receive Short Term Disability ("STD") and Long-Term Disability ("LTD") benefits as an employee of Microsoft, until they reach their Social Security Normal Retirement Age of 67 years, or until January 9, 2064, as provided for by the policy, provided they continue to meet the definition of disability.

4.8. By letter, dated June 27, 2023, Defendant approved Plaintiff's STD claim from July 5, 2023, through September 26, 2023.

4.9. Plaintiff's claim for STD benefits was extended, by letters dated September 28, 2023, November 8, 2023, December 15, 2023, and January 10, 2024, to the maximum duration of the STD plan, January 2, 2024.

4.10. Prudential is the claims administrator for STD benefits under the Microsoft Welfare Plan.

4.11. Prudential reviews the medical evidence submitted for STD benefits.

4.12. Prudential determined that Plaintiff satisfied this definition of disability for 26 weeks.

4.13. While Prudential administers the claims under the STD plan, it is not responsible for payment of the funds to employees of Microsoft. Payment of STD monies comes from Microsoft's assets.

AARON ENGLE LAW, PLLC
100 Second Ave South, Ste 210
Edmonds, WA 98020
T: 206.623.7520  F: 206.622.7068

4.14.    After the 26 weeks of paid STD leave, Prudential is responsible for payment of disability benefits.

4.15.    Thus, as the claims administrator and payor of LTD benefits, Prudential operates under a conflict of interest.

4.16.    The fewer claims Prudential pays out, the more money it makes.

4.17.    During the review of Plaintiff's STD claim, Plaintiff applied for LTD benefits.

4.18.    By letter, dated March 29, 2024, Defendant denied Plaintiff's claim for LTD benefits.

4.19.    By letter, dated September 23, 2024, Plaintiff appealed the denial of their LTD claim.

4.20.    By letter, dated November 5, 2024, Defendant upheld the denial of Plaintiff's LTD claim.

4.21.    Defendant conducts its claim review process in a manner that results in the denial of valid claims.

4.22.    Prudential relied upon biased medical reviewers to deny Plaintiff's LTD claim.

4.23.    Plaintiff presented Defendant with objective medical proof of their disability, supported by their treatment team, and examining physicians, and Defendant refused to consider this evidence in compliance with its fiduciary duties.

4.24.    Prudential has failed to establish administrative processes and safeguards (as those terms are used in 29 C.F.R. § 2560.503-1) to ensure and verify appropriately consistent decision making.

4.25.    Prudential has failed to train and/or supervise its employees and/or has failed to ensure that its employees managing claims and appeals, are aware of, or follow, administrative

COMPLAINT FOR INSURANCE BENEFITS– 4

AARON ENGLE LAW, PLLC
100 Second Ave South, Ste 210
Edmonds, WA 98020
T:  206.623.7520   F:  206.622.7068

processes and safeguards intended to ensure and verify appropriate and consistent decisions.

4.26.    Prudential was both the decision-maker with respect to Plaintiff's claim for long-term disability benefits and the entity that would pay those benefits.

4.27.    Because it was both decision-maker and the payor with respect to Plaintiff's claim for LTD benefits, Prudential had a conflict of interest.

4.28.    Prudential's conflict of interest affected its management of Plaintiff's claim for benefits and was a reason for its denial of their benefits.

4.29.    On information and belief, Prudential deliberately denies claims it knows to be meritorious to delay making payment to those participants and to avoid exposure under the LTD policy issued to Microsoft employees.

4.30.    By repeatedly and consistently delaying payment on valid claims, and by repeatedly and consistently denying valid claims, Prudential can earn additional money from investments on the money it holds and which it uses to pay claims.

4.31.    Because of the volume of disability claims that it manages – and pays – Prudential can earn substantial money by denying and delaying payment on claims which it knows to be valid and meritorious.

4.32.    One of the means Prudential uses to delay payment on claims is to hire biased reviewers, denying valid claims, and then delaying determinations by denying appeals, as it did with Plaintiff's claims.

4.33.    Prudential has consistently, systematically, and deliberately failed to establish and/or follow and/or maintain reasonable claims procedures as required by ERISA.

4.34.    Prudential violates ERISA in the manner described above to increase its profits at the expense of its insureds.

COMPLAINT FOR INSURANCE BENEFITS– 5

AARON ENGLE LAW, PLLC
100 Second Ave South, Ste 210
Edmonds, WA 98020
T:  206.623.7520   F:  206.622.7068

4.35.   Plaintiff has sustained economic damages because of Defendant's actions.

4.36.   Plaintiff has exhausted their administrative remedies under ERISA.

## V.   FIRST CLAIM - RIGHT TO BENEFITS UNDER ERISA

Plaintiff readopts and realleges all the foregoing and, in addition, alleges the following:

5.1.   The long-term disability benefits provided by Defendant, and complained of herein, are part of an "employee welfare benefit plan" or a "welfare plan," as defined in 29 U.S.C. §1001, *et seq.* ("ERISA").

5.2.   Plaintiff alleges that Defendant's denial of their LTD benefits was wrongful as it was made against the weight of the evidence in the record.

5.3.   Plaintiff has the express right and standing under ERISA to bring a cause of action against Defendant to enforce their rights and recover the benefits due them under the terms of the disability coverage, and to clarify their rights to future benefits under the terms of the policies.

5.4.   Pursuant to WAC 284-96-012 and *Murray v. Anderson Bjornstad Kane Jacobs, Inc.*, 2011 WL 617384 (W.D. Wash. 2011), *Landree v. Prudential Ins. Co. of America*, 2011 WL 2414429 (W.D. Wash. 2011), and *Treves v. Union Sec. Ins. Co., LLC*, 2014 WL 325149 (W.D. Wash. 2014), Prudential's denials of Plaintiff's claims are subject to *de novo* review by this Court.

## IV.   SECOND CLAIM - ATTORNEYS' FEES AND COSTS PURSUANT TO ERISA §502(G)(1)

Plaintiff readopts and realleges all the foregoing and, in addition, alleges that, pursuant to ERISA §502(g)(1), Plaintiff has the right to recover their reasonable attorney fees, and the costs of this action against Defendant, should Plaintiff establish their rights to recover the

COMPLAINT FOR INSURANCE BENEFITS– 6

AARON ENGLE LAW, PLLC
100 Second Ave South, Ste 210
Edmonds, WA 98020
T:  206.623.7520   F:  206.622.7068

disability benefits denied them by Defendant. The facts and circumstances of the matter warrant an award of fees and costs to Plaintiff.

<b>V.   <u>PRAYER FOR RELIEF</u></b>

WHEREFORE, Plaintiff prays for a judgment against Defendant in an amount that compensates Plaintiff for damages sustained, as follows, to the extent that they are not duplicative:

A) For an award of full benefits due Plaintiff under the Prudential LTD policy, and an award of pre-judgment interest on any monetary award rendered on Plaintiff's behalf; and further, an award of Plaintiff's reasonable attorneys' fees and costs incurred in this action pursuant to 29 U.S.C. § 1132(g)(1);

B) For declaratory judgment that the Court enforce Prudential's continuing obligation owed Plaintiff on their LTD policy;

C) That this Court provide any other appropriate equitable relief to address Defendant's violations of ERISA and to ensure Defendant provides full and fair review of claims for benefits and full and fair review of appeals from adverse benefit determinations;

D) For any other relief permitted by law, which the Court deems just and equitable.

In the alternative, Plaintiff prays for the Court to remand and order the Defendant to reopen the administrative claims review process for a full and fair evaluation of Plaintiff's claims, and an award of Plaintiff's reasonable attorneys' fees and costs incurred in this action pursuant to 29 U.S.C. § 1132(g)(1).

COMPLAINT FOR INSURANCE BENEFITS– 7

AARON ENGLE LAW, PLLC
100 Second Ave South, Ste 210
Edmonds, WA 98020
T: 206.623.7520  F: 206.622.7068

DATED this 19th day of November, 2024.

AARON ENGLE LAW, PLLC


/s/ Aaron I. Engle
Aaron I. Engle, WSBA #37955
100 2nd Ave S, Ste 210
Edmonds, WA 98020
T: 206.623.7520  F: 206.622.7068
Aaron@aaronenglelaw.com
Attorney for Plaintiff